

# Notice of Service of Process

null / ALL
Transmittal Number: 22876507
Date Processed: 03/10/2021

| | |
|---|---|
| Primary Contact: | Sheila R. Klug<br>Church Mutual Insurance Company<br>3000 Schuster Ln<br>Merrill, WI 54452-3863 |
| Electronic copy provided to: | Christopher Grunenwald |
| Entity: | Church Mutual Insurance Company<br>Entity ID Number  3151001 |
| Entity Served: | Church Mutual Insurance Company |
| Title of Action: | Broad Street Baptist Church, Inc. vs. Church Mutual Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Pulaski County Superior Court, GA |
| Case/Reference No: | 21FV0020M |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 03/08/2021 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Ralph J. Villani<br>770-985-6773 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SUPERIOR COURT OF FRANKLIN COUNTY
# STATE OF GEORGIA

📧 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FRANKLIN COUNTY, GEORGIA
**21FV0020M**
JAN 17, 2021 12:39 PM

Heather Vaughn Hill, Clerk
Franklin County, Georgia

CIVIL ACTION NUMBER 21FV0020M

Broad Street Baptist Church, Inc.
_____

**PLAINTIFF**

VS.

Church Mutual Insurance Company
_____

**DEFENDANT**

**SUMMONS**

TO: CHURCH MUTUAL INSURANCE COMPANY

SECOND ORIGINAL

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Ralph J Villani
> VILLANI LAW FIRM
> 821 Dawsonville Hwy.
> Suite 250-333
> Gainesville, Georgia 30501-2634

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 17th day of January, 2021.**

Clerk of Superior Court

_____
Heather Vaughn Hill, Clerk
Franklin County, Georgia

Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of __Franklin__ County

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FRANKLIN COUNTY, GEORGIA

**21FV0020M**

JAN 17, 2021 12:39 PM

*Heather Vaughn Hill*
Heather Vaughn Hill, Clerk
Franklin County, Georgia

| For Clerk Use Only | |
|---|---|
| Date Filed  01-17-2021 | Case Number  21FV0020M |
| MM-DD-YYYY | |

**Plaintiff(s)**
Broad Street Baptist Church, Inc.
Last  First  Middle I.  Suffix  Prefix

**Defendant(s)**
Church Mutual Insurance Company
Last  First  Middle I.  Suffix  Prefix

**Plaintiff's Attorney** Villani, Ralph J    **Bar Number** 727700    Self-Represented ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____       _____
Case Number                  Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☑ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
Plaintiff's Counsel needs audio assistance due to hearing difficulties

Version 1.1.20

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FRANKLIN COUNTY, GEORGIA
**21FV0020M**
JAN 17, 2021 12:39 PM

Heather Vaughn Hill, Clerk
Franklin County, Georgia

IN THE SUPERIOR COURT OF PULASKI COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| **BROAD STREET BAPTIST CHURCH, INC.,** | ) ) | |
| Plaintiff, | ) ) | Civil Action File |
| -vs- | ) ) | No.: _____ |
| **CHURCH MUTUAL INSURANCE COMPANY,** | ) ) ) | ***Complaint for Damages*** |
| Defendant. | ) | ***and Jury Demand*** |

## COMPLAINT FOR DAMAGES and JURY DEMAND

SECOND ORIGINAL

Comes Now Broad Street Baptist Church, Inc., Plaintiff in the above action ("The Church") which files its *Complaint for Damages and Jury Demand* and shows this Court as follows:

### Defendant:

1. Defendant **Church Mutual Insurance Company** ("Church Mutual") is a Foreign Insurance Company, licenced to sell insurance in Georgia and has an agent in Hawkinsville, Pulaski County, Georgia, to wit: Grimsley Agency, LLC, 203 Commerce Street, Hawkinsville, GA 31036. Church Mutual may be served with Second Original Complaint and Summons through its agent, to wit: Corporate Service Company, 40 Technology Pkwy., South, Suite 300, Norcross, Georgia 30092 and Church Mutual subject to the jurisdiction of this Court with proper venue.

### Relevant Facts:

2. At all times relevant hereto, The Church was insured by Church

*BroadStreetBaptistChurch v ChurchMutual Pg 1 of 7*

Mutual under policy number 0093523-02-087273 ("Policy").

3. On or about October 10, 2018, Hurricane Michael damaged and/or destroyed Church property and contents; fully covered losses under the Policy.

4. The Church made a proper and timely claim to Church Mutual; and, that claim was assigned claim number 1364726 ("Claim").

5. Without basis in law or fact, Church Mutual failed to fully indemnify The Church for its damages even after repeated requests by The Church to be fully paid for its proven and covered losses, and after the exchange of numerous Church and claim documents, after the submission of statutory 60-day demand letters by The Church, and after the participation by The Church in a lengthy (and costly) Examination Under Oath ("EUO").

6. Church Mutual's failure to fully indemnify The Church for all of its Hurricane-Michael-caused losses (including, but not limited to, The Church's legitimate and covered losses due to Church Mutual's delays and low-balling the value of those claims) is bad faith, especially as Defendant knew that the mold-contaminated cider blocks throughout the structure could never be remediated and had to be removed (along with the structure) and replaced.

7. On or about July 23, 2019, The Church sent Church Mutual a Demand for Payment pursuant to O.C.G.A. § 33-4-6 (i.e, the so-called statutory 60-day demand letter) and this action obviously has been filed more than sixty (60) days from that time.

8. Church Mutual has failed to process The Church's legitimate claims in a timely and proper way thus causing The Church consequential damages and costs (i.e. total destruction of their property).

9. Church Mutual has acted in bad faith, has been stubbornly

*BroadStreetBaptistChurch v ChurchMutual Pg 2 of 7*

litigious, and has caused The Church unnecessary trouble and expense. has caused The Church (i.e., attorney fees and costs).

10. Notwithstanding any contractual agreement between the Parties (i.e., The Church and Church Mutual), pursuant to the Supreme Court of Georgia's COVID-19 Order, the statute of limitation (i.e., period of limitation) for filing this action has been extended 122 days (i.e., up to and including Tuesday, February, 9, 2021), thus this action has been timely filed. Furthermore, as the Parties have been negotiation until just recently, Church Mutual waived any right to demand strict compliance with the Policy's filing period.

## THE CHURCH HEREBY PLEADS ITS CLAIMS IN THE ALTERNATIVE AS ALLOWED BY GEORGIA LAW

## *CLAIMS*

### COUNT I. STATUTORY BAD FAITH (O.C.G.A. § 33-4-6)[1]

---

[1] O.C.G.A. 33-4-6 (2010)
**33-4-6. Liability of insurer for damages and attorney's fees ...**
(a) *In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.* ***The action for bad faith shall not be abated by payment after the 60 day period nor shall the testimony or opinion of an expert witness be the sole basis for a summary judgment or directed verdict on the issue of bad faith.*** *The amount of any reasonable attorney's fees shall be determined by the trial jury and shall be included in any judgment which is rendered in the action; provided, however, the attorney's fees shall be fixed on the basis of competent expert evidence as to the reasonable value of the services based on the time spent and legal and factual issues involved in accordance with prevailing fees in the locality where the action is pending; provided, further, the trial court shall have the discretion, if it finds the jury verdict fixing attorney's fees to be greatly excessive or inadequate, to review and amend the*

11. The Church incorporates paragraphs 2 to 10 as if originally stated below.

12. Church Mutual denied The Church's legitimate claims without legal and/or factual basis ("*Denial*").

13. This *Denial* was in bad faith as defined by O.C.G.A. § 33-4-6.

14. Church Mutual is liable to The Church for any and all damages arising from its *Statutory Bad Faith*.

## COUNT II. BREACH OF CONTRACT AND ATTORNEY FEES
### (O.C.G.A. § 13-6-11)

15. The Church incorporates paragraphs 2 to 14 as if originally stated below.

16. Church Mutual denied The Church legitimate claims in violation of said Policy without legal and/or factual basis ("Breach").

17. This Breach was in bad faith and attorney fees are permitted under, in part, by O.C.G.A. § 13-6-11.

18. Church Mutual is liable to The Church for any and all damages arising from its *Breach* including, but not limited to, attorney fees and costs of litigation, pre-judgment and post-judgment interest on all awards, under, in part, O.C.G.A. § 13-6-11.

---

*portion of the verdict fixing attorney's fees without the necessity of disapproving the entire verdict. The limitations contained in this Code section in reference to the amount of attorney's fees are not controlling as to the fees which may be agreed upon by the [Plaintiffs] and the [Plaintiffs'] attorney for the services of the attorney in the action against the insurer.* (Emphasis Added) "O.C.G.A. 33-4-6 (2010)

***BroadStreetBaptistChurch v ChurchMutual Pg 4 of 7***

## COUNT III. STUBBORN LITIGIOUSNESS

19. The Church incorporates paragraphs 2 to 18 as if originally stated below.

20. Due to Church Mutual's stubborn litigiousness, The Church have been subject to unnecessary trouble and expense in this case.

21. Church Mutual is liable to The Church for any and all damages arising from its stubborn litigiousness.

## COUNT IV. FRAUD
## (O.C.G.A. § 13-4-60)

22. The Church incorporates paragraphs 2 to 21 as if originally stated below.

23. Church Mutual induced The Church to take out a church-business policy with it promising to fairly and timely investigate any claims.

24. Church Mutual induced The Church to take out a church-business policy with it promising to fairly and timely process any claims.

25. Church Mutual knew at the inception that it, for reasons of, i.e., greed and the bottom line, would not fairly evaluate The Church's claims and would low-ball any offers to settle The Church' claims.

26. Church Mutual defrauded The Church and took their premiums and gave them ONLY about 10% OF THEIR LEGITIMATE CLAIMS (*possible conversion claim*?).

27. Thus, Church Mutual is liable to The Church for any and all damages arising from Church Mutual's fraud.

## COUNT V. PUNITIVE DAMAGES
## (O.C.G.A. § 51-12-5.1)

28. The Church incorporates paragraphs 2 to 27 as if originally stated below.

29. Church Mutual's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences to The Church.

30. Church Mutual is liable to The Church for all damages arising from its fraudulent actions including punitive damages of nine times any amounts awarded The Church.

## COUNT VI. DIMINUTION OF VALUE

31. The Church incorporates paragraphs 2 to 30 as if originally stated below.

32. Due to the destruction of their property, the overall value of The Church's property has diminished over $250,000.00 to date.

33. Thus, Church Mutual is liable to The Church for $250,000.00 for diminution of value due to Church Mutual's actions and omissions.

### Jury Trial Demand:

34. The Church hereby demands a trial by jury.

**WHEREFORE**, Broad Street Baptist Church, Inc., prays that this Court award The Church actual damages (no less than $1,600,000.00), compensatory and coincidental damages, diminution of value, bad faith and breach of contract damages, stubborn litigious, punitive damages (9 times any award), attorney fees and costs of

litigation as determined by a fair and impartial jury and for such other and further relief deemed equitable, fair and just by this Court.

This 17th day of January, 2021.

/s/ *Ralph J. Villani*
Ralph J. Villani, Esq.
GA Bar No. 727700

**VILLANI LAW FIRM**
821 Dawsonville Hwy.
Suite 250-333
Gainesville, GA 30501-2634

(TEL) (770) 985-6773
(FAX) (770) 979-5190

(Email) RalphJVillani@gmail.com

Civil Action No. **21FV0020M**

Date Filed **01-17-2021**

2100 451

Magistrate Court ☐
Superior Court ☒
State Court ☐
Georgia, Gwinnett County

FRANKLIN

_____ Plaintiff

VS.

_____ Defendant

_____ Garnishee

**Attorney's Address**
RALPH J. VILLANI, ESQUIRE
821 DAWSONVILLE HWY
SUITE 250-333
GAINESVILLE GA 30501-2634

**Name and Address of party to be served.**
CHURCH MUTUAL INS CO C/O REGISTERED AGENT
CORPORATE SERVICE COMPANY
40 TECHNOLOGY PKWY SO, SUITE 300
NORCROSS GA 30092

REGISTERED AGENT SERVICE

**Sheriff's Entry Of Service**  ( SECOND ORIGINAL )

**Personal** ☐  I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐  I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows
age, about ____ years; weight, about ____ pounds; height, about ____ feet and ____ inches; domiciled at the residence of defendant.

**Corporation** ☒  Served the defendant Church Mutual Ins. Co. a corporation by leaving a copy of the within action and summons with Alisha Smith in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **8** day of **March** 20**21**.

_____
**Deputy**

Sheriff Docket _____ Page _____

**Gwinnett County, Georgia**

WHITE: Clerk     CANARY: Plaintiff / Attorney     PINK: Defendant

SC-2 Rev.3.13